van Gestel, Allan, J.
This matter is before the Court on the defendants’ Renewed Emergency Motion for Non-Destruction Order and to Compel, Paper #79. What is at issue is the practice of the defendant David Allen (“Allen”) of deleting e-mails from his computer. The movants call this “continuing to destroy critical evidence.”
Allen responds that he seldom uses his e-mail facility, always deletes, and is certainly not deleting evidence relating to this case, the facts of which occurred years ago.
As always in discovery disputes, the Court does not know what Allen is, or is not, emailing and deleting. At the same time, the Court doubts that current e-mailing has anything at all to do with this case.
Of course it would be more prudent for Allen to not delete e-mails, but this Court is not going to order him not to. It has already advised Allen’s counsel about the penalties that can be imposed if spoliation is established, and it assumes that the message has been passed along to Allen.
The other aspect of the motion is a request for an array of orders compelling Allen to make extensive searches of electronic documents in his possession, custody or control and to permit a forensic computer expert to examine all network servers, desktop and laptop computers, hard drives, backup tapes, and PDAs for documents responsive to the first request for production to Allen.
Again, given the fact that the transactions at issue began in 2001 and two forbearance agreements, each containing release language were executed in February 2003 and June 2006, this Court, and the efforts outlined in the opposition to this motion, Paper #88, is disinclined to order the extensive and expensive kind of electronic discovery sought.

ORDER

The defendants’ Renewed Emergency Motion for Non-Destruction Order and to Compel, Paper #79, is DENIED.